UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF WESTERN PENNSYLVANIA

Docket Number **11-1396**

| | |
|---|---|
| WILLIAM P. SIMS, Jr., )<br>   Plaintiff/Appellant, Pro Se )<br>)<br>vs. )<br>)<br>AMERICAN POSTAL WORKERS )<br>ACCIDENT BENEFIT ASSOCIATION )<br>and APWABA PENSION PLAN, )<br>   Defendants/Respondents )<br>_____ ) | APPEAL OF DECISION OF THE<br>AMERICAN POSTAL WORKERS<br>ACCIDENT BENEFIT ASSOCIATION<br>and THE APWABA PENSION PLAN |

Plaintiff/Appellant William P. Sims, Jr. ["Sims"] hereby appeals the decision of the American Postal Workers Accident Benefit Association ["APWABA"] and the APWABA Pension Plan ["Pension Plan"] entered on May 11, 2011 regarding the complaint Sims filed with the APWABA and the Pension Plan on March 8, 2011 against the APWABA and the APWABA Pension Plan

## THE PARTIES

1   **Plaintiff/Appellant** is currently a resident of Western Pennsylvania whose street address is 151 North Second Street, West Newton, PA 15089  On or about 8-31-1998 Sims: (i) resigned his position as President of the 35,000-member California local of the American Postal Workers Union; (ii) took a leave of absence from his position in San Diego, California as a long-service employee of the United States Postal Service; and (iii) moved to New Hampshire where he had been elected to a full-time position as Assistant National Director of the APWABA for a 2-year term beginning 9-1-1998  Sims was subsequently re-elected to another 2-year term as the APWABA's Assistant National Director beginning 9-1-2000 and a third such term beginning 9-1-2002. During August 2004 Sims was elected to the positions of (iv) APWABA National Director, (v) APWABA Secretary and (vi) APWABA Treasurer for a 2-year term beginning 9-1-2004  During August 2006 Sims was not re-elected to the three APWABA positions he then held and, as a result, left the employ of the APWABA at the end of the day on 8-31-2006 - - - a time when he had completed 8 full years of APWABA employment and had secured an entitlement to a lifetime monthly pension from the Pension Plan beginning 3-1-2011.

2.  **Defendant/Respondent APWABA** is a legal reserve life insurance company that operates, as a Fraternal Benefit Association, under the insurance laws of the State of New Hampshire where it was charted on 12-12-1898 and the other jurisdictions where it now has insurance in force [believed to be the other 49 states, the District of Columbia, Guam, Puerto Rico and the U.S. Virgin Islands]. The APWABA is currently believed to insure about 88,000 Association members [almost all of whom are current or former U S Postal Service employees and one of whom is Plaintiff/Appellant Sims] plus many family members of same. Up through 12-31-1996 the APWABA reported financially to the State of New Hampshire and the other jurisdictions where it did business. Since that time [because its membership profile allows it to be recognized as an ERISA-qualified employee benefit plan] it has remained subject to the insurance laws of the State of New Hampshire and the other noted jurisdictions but it has financially reported [via U.S. DoL/IRS/PBGC Form 5500] to only the U.S Department of Labor. The APWABA's President at the time of the malfeasance alleged below [3-1-2011] was an individual named John Durban, its Secretary, Treasurer and National Director at that same time was an individual named Michael B Ganino, Jr The mailing address for the APWABA, Mr Durban and Mr Ganino is currently P O. Box 120, Rochester, NH 03866 for each of them..

3.  **Defendant/Respondent Pension Plan** is an ERISA/IRC/DoL(EBSA)/DoT(IRS)-qualified defined benefit pension plan that provides retirement benefits for the full-time employees [including full-time officers who were elected or appointed to fill vacancies before 1-1-2009] of the APWABA  The APWABA is the Plan Sponsor of the Pension Plan. The Pension Plan's Plan Administrator at the time of the malfeasance alleged below [3-1-2011] was the APWABA. The mailing address for the Pension Plan is currently P O. Box 120, Rochester, NH 03866

## PLAINTIFF'S ARGUMENT

4.  The **Principal Dispute** between the parties concerns the amount of monthly pension that the Plaintiff/Appellant was entitled to receive when he retired on 3-1-2011.

5.  The **Pension Promised to the Plaintiff/Appellant** at the time of his termination of employment at the APWABA on 8-31-2006 was an annuity of $3,014.70/month payable to him on a straight-life basis beginning 3-1-2011  This amount was presented to him in writing in a report dated 8-14-2006 by the Pension Plan's enrolled actuary at that time

6.  The **Pension Actually Paid to the Plaintiff/Appellant** when he retired on 3-1-2011 was an annuity of $2,733.32/month payable to or on behalf of him on a straight-life basis  This amount is $281 38/month [$3,376.56 annualized] less than the amount promised to him at the time of his employment termination

7.  The **Defendants/Respondents said the lower amount must be paid** because the higher amount was based on an illegal interpretation of the Pension Plan's wording.

8     The **Plaintiff/Appellant will argue** that the Defendants/Respondents' position constitutes malfeasance and that the Pension Plan's wording was proper because (a) his interpretation has a long standing, (b) his interpretation had been specifically chosen and approved by the APWABA in the past; (c) his interpretation was specifically approved by the Internal Revenue Service when it audited the Pension Plan's 2003 Plan Year [where the Pension Plan received a rare and much coveted "No Change" finding from the IRS]; (d) he can prove that the Defendants/Respondents' position was motivated by a desire to mitigate severe financial problems that befell the APWABA and the Pension Plan after his departure; and (e) he may also be able to prove that the Defendant/Respondents' position was motivated by carry-over vengeance from the 2006 APWABA election cycle.

## PLAINTIFF'S PRAYER

9     The Plaintiff/Appellant prays that this Honorable Court sit in judgment of the aforementioned dispute, that it affirm the Plaintiff/Appellant's argument and that it grant the Plaintiff/Appellant such financial and other relief that it deems to be appropriate

## JURISDICTION

10    The Court has jurisdiction under ERISA to hear this appeal Under that law, a participant in a pension plan governed by ERISA must first litigate any dispute he or she has with the plan administratively using an appeal process that's required by ERISA and that's embedded within the plan specifications. That process was unsuccessful and on 5-11-2011 the Pension Plan's Counsel sent my Plan Appeal Representative a certified letter, which he received on 5-13-2011, confirming same. ERISA further provides that in the event of an unsuccessful appeal, the aggrieved pension plan participant may seek relief in Federal Court within 180 days - - - which in the instant case means or before 11-9-2011.

## PROCEDURAL DETAILS

11    Counsel - Sims is presently pro se but expects to retain counsel soon

12    Fees - Sims' check no. 824 [in the amount of $350 00 and dated 11-2-2011] is enclosed herewith as a filing fee.

13.   Fact Finding - The Plaintiff/Appellant prefers a Bench Trial but will not object if the Defendants/Respondents wants a Jury Trial

14.   Presiding Officer - The Plaintiff/Appellant has no objection to the trial being supervised by a Magistrate Judge

15   <u>Length of Trial</u> - The Plaintiff/Appellant expects it will take him 3-4 hours to put in his case.

16   <u>Duplicate Filing</u> - A copy of this complaint is enclosed herewith

*Signed under the pains and penalties of perjury this second day of November 2011*

                                               **William P. Sims, Jr.,**
                                               **Plaintiff/Appellant, Pro Se**