UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**William P. Sims, Jr.**

    **v.**                                     Case No. 12-cv-91-PB
                                                 Opinion No. 2012 DNH 202

**American Postal Workers**
**Accident Benefit Assoc., et al.**


MEMORANDUM AND ORDER

This is an ERISA case in which William Sims, a former employee of the American Postal Workers Accident Benefit Association ("APWABA"), is challenging the amount of the pension that he was awarded pursuant to the American Postal Workers Accident Benefit Association Pension Plan ("Plan"). In his current motion, Sims seeks an order remanding the case for an appeal hearing before the Plan's Administrator. The Plan opposes the motion by contending that Sims lost his right to an appeal hearing by refusing to attend a hearing on the appeal that the Administrator had scheduled for May 11, 2011.

I.   BACKGROUND

Sims first informed the APWABA on November 29, 2010, that he was invoking his right to receive a pension beginning on

March 1, 2011.  Although both sides agreed that Sims was entitled to a pension, they disagreed on the amount.  After several months passed without the issue being resolved, Sims wrote a letter of complaint to the Secretaries of the United States Treasury Department and the United States Department of Labor.  In the letter, a copy of which was sent to the APWABA by e-mail on March 8, 2011, Sims asked that the Plan hold a hearing on his pension request.  On March 10, 2011, Thomas Tierney, an actuary working as a consultant for Sims, followed up with a letter to the APWABA explaining Sims's argument in support of his pension request.  Sims renewed his request for a hearing in a March 16, 2011, e-mail to the Plan's actuary, Lloyd Katz.

    On March 28, 2011, Michael Feinberg, an attorney retained by the Plan, wrote to Tierney and explained that the Plan had decided to treat Tierney's March 10, 2011, letter and Sims's March 16, 2011, e-mail as requests for "further consideration" with respect to the Plan's computation of Sims's pension.  The letter also instructed Sims to file a formal pension application and explained that once his application was properly filed, he would begin receiving pension payments retroactive to March 1, 2011, calculated at the rate determined by the Plan's actuary.  If the Plan later agreed with Sims that his pension should be increased, the letter explained that an additional retroactive

2

adjustment would be made at that time. Sims later filed his formal pension application and it was received by the Plan on April 13, 2011.

On May 4, 2011, Feinberg informed Tierney and Sims by letter and e-mail that the Plan would hold a hearing on the pension issue on May 11, 2011. On May 9, however, Tierney responded by stating that "the illegality of the noted proceeding will prevent Mr. Sims and I from attending same." On May 11, 2011, Feinberg wrote to Tierney and stated, "This letter will also serve to advise you that based on your e-mail the Pension Fund now considers the request for consideration filed by you on behalf of Mr. Sims to have been withdrawn." That same day, however, Tierney sent the APWABA an e-mail renewing his request for a hearing. In the e-mail, Tierney explained his view that the proposed May 11, 2011, hearing was improper because, among other things: (1) it had been scheduled more than 60 days after Sims's request for a hearing; (2) the Plan had denied Sims access to key witnesses; and (3) the hearing was to have been presided over by National Director Michael Ganino rather than the APWABA board, as Tierney believed that Plan documents required. Feinberg responded with his own e-mail refuting Tierney's claims. He did not, however, directly respond to Tierney's renewed request for a hearing. Sims later

3

filed this action without receiving a hearing on his appeal.

The Plan authorizes the APWABA to appoint a Plan Administrator and provides that if an Administrator is not appointed, the APWABA will be the Administrator.  Plan § 2.2. On March 25, 2011, the APWABA designated its National Director, Michael Ganino to serve as the Plan Administrator.

## II.  ANALYSIS

The Plan obligates the Plan Administrator to hold a hearing when an employee who has been denied a benefit by a decision of the Administrator makes a timely request for further consideration.  Plan § 2.11.  In the present case, the Plan elected to treat Tierney's March 10, 2011, letter and Sims's March 16, 2011, e-mail as requests for further consideration, and it is undisputed that Sims made multiple requests for a hearing on his appeal.  Thus, the issue presented by Sims's motion is whether the Plan violated § 2.11 by denying Sims's requests for a hearing.[1]

The Plan contends that it did not violate its obligation under the Plan to hold a hearing on Sims's appeal because Sims

---

[1] I review this issue de novo because the Plan has not argued that the issue should be judged under the more lenient abuse of discretion standard of review that often applies in ERISA cases. See, e.g., Cusson v Liberty Assur. Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010).

withdrew his request for a hearing when Tierney sent the May 9, 2011 e-mail and Sims refused to attend the May 11, 2011, hearing.  I disagree.  Viewing the evidence in the record holistically, Sims was not attempting to withdraw his request for a hearing when he declined to participate in the proposed May 11, 2011 hearing.  Instead, he was merely expressing his unwillingness to attend what he contended was an illegal hearing.  Although Sims and Tierney believed that the scheduled hearing was improper for several reasons, their principal objection - that the Plan was proposing to hold the hearing before National Director Ganino rather than the full APWABA board - was based on the reasonable but mistaken belief that the APWABA had not appointed a Plan Administrator and, therefore, that any hearing on Sims's appeal would have to be held before the board rather than Ganino.  Rather than explaining why Sims and Tierney were mistaken and offering to reschedule the hearing, Feinberg simply stated in a conclusory fashion that Ganino was the Plan's Administrator.  He never offered to reschedule the hearing.

   As is often the case in such matters, neither party has behaved admirably.  While Sims and Tierney could have expressed their concerns with the proposed hearing without flatly refusing to attend, neither of them withdrew Sims's request for a

hearing, and their actions were not so egregious as to result in a forfeiture of Sims's right to a hearing. Accordingly, the Plan acted improperly in refusing to give Sims another date for a hearing after he refused to attend the May 11, 2011 hearing.

Sims's motion to remand (Doc. No. 55) is granted. The court will retain jurisdiction over the case. The case is remanded for the limited purpose of requiring the Plan to hold a hearing on Sims's appeal within 30 days of the date of this Memorandum and Order. The Plan shall issue a decision on the appeal within 60 days of the appeal hearing. The motion to strike (Doc. No. 49) is denied without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 18, 2012

cc:   William P. Sims, Jr., pro se
      Jonathan M. Conti, Esq.
      Charles B. Doleac, Esq.
      Michael A. Feinberg, Esq.
      Susan Aileen Lowry, Esq.
      Vincent P. Szeligo, Esq.